**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**CEZARY J. SKIBA**,<br>Debtor. | **CHAPTER 13**<br><br>Case No. 26-00460<br><br>Judge: Hon. Daniel R. Fine |

## NOTICE OF MOTION

TO: See attached list

**PLEASE TAKE NOTICE** that on **October 1, 2026, at 10:00 am.**, I will appear before the Honorable **Daniel R. Fine** or any judge sitting in that judge's place, **either** in courtroom **619** of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the **Debtor's Motion For Protective Order, To Strike Creditor FP-Jeff Park LLC's Untimely And Improperly Served Discovery, And Alternatively To Limit Discovery To The Issues Presented By The Claim Objection**, a copy of which is attached.

*Noticed for 10:00 am to be heard with currently scheduled matters at that time*

**Important: Only parties and their counsel may appear for the presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then, enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 414 7941**, and the passcode is **NO PASSCODE**. The meeting ID and passcode can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ J. Kevin Benjamin
Benjamin Legal Services
1021 W. Adams St, Fl 2
Chicago, Illinois 60607-2936
Phone: (312) 853-3100
ARDC #: 6202321
attorneys@benjaminlaw.com
Attorney for the Debtor

**CERTIFICATION UNDER FED. R. CIV. P. 26(c)(1)**

I certify that on September 4 and September 5, 2026, Adam Powers and I exchanged emails in a good-faith effort to identify and resolve the service, timing, relevance, scope, and proportionality issues raised in this Motion. On September 8, 2026, Mr. Powers and I began a telephone meet-and-confer and then continued by Microsoft Teams, with Theresa Benjamin participating. Debtor requested that FP-Jeff Park withdraw or materially narrow the discovery unrelated to Claim 2-A and avoid requiring responses to all 171 numbered requests while the dispute was pending. FP-Jeff Park did not agree that the discovery was outside the proper scope or disproportionate and suggested that Debtor answer and state objections for later discussion. Despite a good-faith effort, the parties could not resolve the matters presented in this Motion without Court action.

/s/ J. Kevin Benjamin
J. Kevin Benjamin

**CERTIFICATE OF SERVICE**

I, J. Kevin Benjamin, an attorney, certify that I served a copy of ***this Notice and Motion*** on each entity shown on the attached list at the address shown and by the method shown on **September 14, 2026.**

/s/ J. Kevin Benjamin
J. Kevin Benjamin

*Parties Served Through the Court's Electronic Notice for Registrants*

Kinnera Bhoopal on behalf of Creditor PHH Asset Services LLC
kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Adam G. Brief
Ustpregion11.es.ecf@usdoj.gov

Zachary Brindza on behalf of Creditor FP - Jeff Park LLC
zbrindza@brotschulpotts.com

Thomas H. Hooper
thomas.h.hooper@chicagoch13.com

Michael P Kelleher on behalf of Creditor PHH Asset Services LLC
bkpleadingsNORTHERN@il.cslegal.com

John R Potts on behalf of Creditor FP - Jeff Park LLC
ryan@brotschulpotts.com, litigation@brotschulpotts.com

John Adam Powers on behalf of Creditor FP - Jeff Park LLC
litigation@brotschulpotts.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**CEZARY J. SKIBA**,<br>Debtor. | **CHAPTER 13**<br><br>Case No. 26-00460<br><br>Judge: Hon. Daniel R. Fine |

**DEBTOR'S MOTION FOR PROTECTIVE ORDER, TO STRIKE CREDITOR FP-JEFF PARK LLC'S UNTIMELY AND IMPROPERLY SERVED DISCOVERY, AND ALTERNATIVELY TO LIMIT DISCOVERY TO THE ISSUES PRESENTED BY THE CLAIM OBJECTION**

Cezary J. Skiba (the "Debtor"), by and through his counsel, pursuant to Federal Rules of Civil Procedure 5(b)(2)(E), 26(b)(1), 26(c), 33, 34, and 36, made applicable in this contested matter by Federal Rules of Bankruptcy Procedure 9014 and 7026 and Rules 7033, 7034, and 7036; the Court's Orders entered July 13 and July 23, 2026; and the Court's inherent authority to enforce its scheduling orders, moves for entry of a protective order: (i) striking the written discovery transmitted by Creditor FP-Jeff Park LLC ("FP-Jeff Park") solely by ordinary email on August 6, 2026; or, alternatively, (ii) limiting that discovery to the claims and defenses actually presented by Debtor's objection to FP-Jeff Park's Proof of Claim No. 2, as amended ("Claim 2-A" or the "Claim").

By Order entered September 11, 2026 [Dkt. No. 111], the Court directed Debtor to file this Motion on regular notice and ordered that all discovery deadlines shall be tolled upon filing of this Motion, subject to further order. Debtor requests that the Court maintain that tolling through disposition of this Motion, confirm that no request for admission became or shall become admitted during the tolled period, and establish a new deadline for any responses required by the Court's ruling.

In support, Debtor states as follows:

**INTRODUCTION**

1. This is a claim-objection contested matter, not a general examination into every aspect of Debtor's Chapter 13 case. The operative dispute concerns whether FP-Jeff Park has established

an enforceable and properly perfected secured claim in the amount asserted, including the contractual and mathematical basis for principal, interest, alleged default interest, attorneys' fees, costs, and charges, and the sufficiency of the assignment and chain-of-title documents.

2. The Court previously quashed Debtor's Rule 2004 subpoenas because they exceeded the proper scope of the contested matter. The Court directed that renewed discovery proceed under Rule 9014(c), that future requests be appropriately tailored, and that the parties conduct a good-faith in-person or video-conference meet-and-confer before filing a discovery motion. (Order entered July 13, 2026, Dkt. No. 101.)

3. FP-Jeff Park thereafter transmitted 171 separately numbered discovery requests - 25 interrogatories, 57 requests for production, and 89 requests for admission - many with multiple subparts. Large portions concern confirmation, plan feasibility, projected plan funding, Debtor's income and expenses, an unrelated Skokie property and PHH loan, tax returns, financial accounts, transfers, retirement accounts, vehicles, business interests, life insurance, Trustee records, divorce materials, credit reports, credit counseling, and professional licensing. Those matters are not claims or defenses presented by the Claim Objection.

4. FP-Jeff Park sent the discovery only by ordinary email late on August 6, 2026. Each certificate of service identifies electronic mail as the sole method of purported service. Debtor and his counsel did not consent in writing to service of unfiled discovery by ordinary email. Debtor therefore submits that FP-Jeff Park did not properly serve written discovery by the Court-ordered August 6 deadline.

5. Debtor nevertheless seeks alternative, practical relief. If the Court declines to strike the discovery, it should enter a protective order requiring responses only to requests bearing on allowance, amount, enforceability, standing, assignment, perfection, secured status, lien priority and value under 11 U.S.C. §§ 502 and 506, and the interest, fees, costs, and charges included in Claim 2-A. The remaining requests should be barred.

## BACKGROUND

6. FP-Jeff Park filed Proof of Claim No. 2 on February 4, 2026, originally asserting a fully secured claim of $169,125.91 arising from a revolving line of credit and mortgage on Debtor's condominium at 3335 West Belle Plaine Avenue, Unit 3A, Chicago, Illinois (the "Condo"). FP-Jeff Park later amended the Claim to assert $175,199.61.

7. The original Claim asserted, among other components, principal of $119,290.03, interest of $16,535.23, fees and costs of $33,300.65, a 12.75% annual interest rate, and interest accruing at $45.00 per day. The supporting documents included the 2017 mortgage and revolving-credit agreement, change-of-terms agreements, assignment documents, payment history, balance calculations, and Brotschul Potts LLC billing statements.

8. Debtor filed his Objection to Claim No. 2 on February 18, 2026. (Dkt. No. 32.) The Objection challenges: (a) enforceability under 11 U.S.C. § 502(b)(1); (b) the amount and calculation of interest and alleged default interest; (c) FP-Jeff Park's standing and proof of assignment; (d) perfection and the scope of the asserted lien; and (e) the contractual authorization, actual incurrence, allocation, necessity, and reasonableness of the attorneys' fees, costs, and other charges included in the Claim.

9. The Objection alleges that the written HELOC documents provide a variable rate based on Wall Street Journal Prime plus 1.00%, subject to a 5.00% floor and 18.00% ceiling, but do not establish a fixed 12.75% rate or an across-the-board $45.00 daily interest charge. It further alleges that Signature Bank's history reflects materially lower rates and a payoff-related balance of $123,900.26 as of April 18, 2025, which does not reconcile with the materially higher petition-date Claim.

10. The Objection also identifies discrepancies between the legal description and tax PIN in the original mortgage and the assignment exhibit, and questions whether FP-Jeff Park has shown an enforceable transfer and perfected lien against the same real estate. It challenges more than

$30,000 in attorneys' fees and costs incurred during an approximately eight-month foreclosure in which no judgment of foreclosure or fee award was entered before the petition date.

11. The Objection expressly states that Debtor does not seek damages, sanctions, equitable subordination, lien avoidance, or other affirmative relief, but seeks only determination of the enforceable amount and status of the Claim for allowance and plan-treatment purposes. (Dkt. No. 32 ¶ 6.)

12. On July 13, 2026, the Court quashed Rule 2004 subpoenas previously issued by Debtor to FP-Jeff Park and Brotschul Potts. The Court held that further efforts to obtain information must proceed under Rule 9014(c), directed that "[f]uture requests should be appropriately tailored," and required a good-faith in-person or video-conference meet-and-confer before a discovery motion may be filed. (Dkt. No. 101 at 8.)

13. On July 23, 2026, the Court fixed August 6, 2026 as the deadline for written discovery, September 17, 2026 as the deadline to respond, and October 1, 2026 as the deadline for depositions. (Dkt. No. 109.)

14. At approximately 11:02 p.m. on August 6, 2026, FP-Jeff Park's counsel emailed its interrogatories and requests for production to Debtor's counsel. At approximately 11:46 p.m., counsel separately emailed the requests for admission. The accompanying certificates state that service was made "by electronic mail" and identify no mailing, personal delivery, CM/ECF transmission, or other method of service.

15. Neither Debtor nor Debtor's counsel entered a stipulation, discovery protocol, or written consent authorizing FP-Jeff Park to serve unfiled discovery solely by ordinary email. Debtor's counsel had served Debtor's own discovery by both email and United States First-Class Mail. Providing a courtesy email copy while independently completing service by mail was not an express written consent to receive service solely by email.

16. FP-Jeff Park's discovery contains 25 interrogatories with numerous discrete subparts, 57 document requests, and 89 requests for admission. The requests extend far beyond the issues framed by the Claim Objection.

17. For example, FP-Jeff Park demands extensive discovery concerning:

a. the proposed sale of the Condo, projected $130,000 plan contribution, and Debtor's ability to fund increased plan payments;

b. Schedule I, Schedule J, Form 122C-1, income, employment, brokerage commissions, business expenses, and plan feasibility;

c. the unrelated property at 8700 Drake Avenue in Skokie, the PHH mortgage, occupancy, taxes, insurance, and valuations of that property;

d. federal and state tax returns and transcripts, general tax compliance, bank and payment-application accounts, financial support, and complete account statements;

e. four years of transfers, retirement accounts, vehicles, entity interests, life insurance, personal property, liquidation analysis, and the complete Statement of Financial Affairs support file;

f. all materials supplied to the Chapter 13 Trustee, Trustee-payment records, broad divorce and co-owner communications, financing and credit applications, credit reports, and credit counseling; and

g. four years of IDFPR licensing applications, disclosures, supporting financial statements, and agency correspondence.

18. Those subjects may concern confirmation, schedules, estate administration, or Debtor's financial condition generally. **They do not tend to prove or disprove whether Claim 2-A is enforceable, correctly calculated, held by the proper claimant, properly perfected, secured to the extent asserted, or inclusive only of allowable and reasonable interest, fees, costs, and charges.**

## THE SEPTEMBER 8, 2026 MEET-AND-CONFER

19. On September 4 and September 5, 2026, attorneys J. Kevin Benjamin and Adam Powers had several email discussions in a good-faith effort to identify and resolve the parties' disagreements concerning service, timing, the response deadline, relevance, scope, and proportionality. Debtor expressly preserved the objection that ordinary email was not an authorized method of service under Rule 5(b)(2)(E), while advising that Debtor would serve request-by-request objections and responses without waiving the threshold objection. Debtor also explained that the July 23 Order fixed September 17, 2026 as the response deadline for all written discovery, including requests for admission. True and correct copies of Debtor's September 4 and September 5 emails memorializing those issues are attached as Exhibit A.

20. On September 8, 2026, counsel conducted the meet-and-confer required by the July 13 Order. The conference began by telephone between Adam Powers for FP-Jeff Park and J. Kevin Benjamin for Debtor, and then continued by Microsoft Teams with Mr. Powers, Mr. Benjamin, and Theresa Benjamin participating. The Teams portion lasted approximately fifteen minutes.

21. The parties discussed the asserted defect in FP-Jeff Park's email-only service and attempted to identify an efficient means to avoid disrupting the existing discovery schedule. Neither side wished to require FP-Jeff Park to reissue its discovery if the parties could instead agree upon reasonable limits. Debtor did not waive, and could not safely waive, the service and timeliness objections because of the potential consequence of deemed admissions under Rule 36.

22. Debtor requested that FP-Jeff Park withdraw or materially narrow the requests that concern plan confirmation, feasibility, schedules, unrelated assets and liabilities, general financial affairs, and other matters outside the Claim Objection. Debtor further explained that requiring complete responses to all 171 numbered requests, including 89 requests for admission, would impose the very burden for which protection was sought. FP-Jeff Park maintained that there is no numerical limit applicable to requests for admission and did not agree that its requests were outside the

proper scope or disproportionate. FP-Jeff Park suggested that Debtor answer and state objections that could be discussed afterward. The parties did not reach an agreement narrowing the discovery.

23. Counsel also discussed separate issues concerning discovery directed to Brotschul Potts LLC as a nonparty in light of the prior Rule 2004 order, and the July 13 directive that renewed discovery proceed under Rule 9014(c). The parties recognized that a separate request for clarification may be necessary. This Motion does not address those nonparty-discovery issues or deposition logistics.

24. Accordingly, after the September 4 and 5 written exchanges and the September 8 telephone and Teams conference, the parties remain at an impasse concerning the proper service, relevance, scope, proportionality, and burden of FP-Jeff Park's discovery. Debtor has therefore satisfied Rule 26(c)(1) and the meet-and-confer requirement in the July 13 Order.

25. On September 11, 2026, the Court denied Debtor's Application to Set Hearing on Emergency Motion [Dkt. No. 110], but expressly authorized Debtor to file this Motion "as soon as practicable" on regular notice and stated that the Court would thereafter establish a briefing schedule. The Court further ordered: "Discovery deadlines shall be tolled once Debtor files his motion, subject to further order of the Court." [Dkt. No. 111.] Debtor is filing this Motion in reliance upon and pursuant to that direction.

## ARGUMENT

### I. THE DISCOVERY WAS NOT PROPERLY SERVED BY THE AUGUST 6 DEADLINE.

26. Federal Rule of Civil Procedure 5(b)(2)(E), applicable through Bankruptcy Rules 7005 and 9014(c), permits service by electronic means only if the person served "consented in writing." The Advisory Committee Note explains that consent must be express and is not supplied merely by the parties' ordinary electronic communications. Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment.

27. FP-Jeff Park's own certificates establish that ordinary email was the sole method used. There was no written consent to email-only service. Registration in CM/ECF does not itself authorize ordinary email service of unfiled discovery, and these discovery requests were not filed or served through CM/ECF.

28. Debtor's use of email as a courtesy in addition to independently valid first-class-mail service did not communicate written consent that opposing counsel could serve Debtor solely by email. A different conclusion would eliminate Rule 5(b)(2)(E)'s express-consent requirement whenever lawyers exchange courtesy copies.

29. Because the Court required written discovery to be served by August 6, and FP-Jeff Park did not use an authorized service method by that date, the discovery was not timely served. The Court should enforce its scheduling order by striking the discovery or providing that Debtor has no obligation to answer it. Debtor nevertheless requests, **as a practical alternative**, that the Court narrow the existing requests rather than require reissuance if that will preserve the present schedule and avoid needless delay.

## II. ALTERNATIVELY, GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER.

30. Rule 26(c)(1) permits the Court, for good cause, to forbid discovery, limit its scope, prescribe different terms, or otherwise protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) independently limits discovery to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. The Court has broad discretion in controlling discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

31. Although FP-Jeff Park, as the claimant and respondent in this contested claim-objection matter, may conduct discovery under Bankruptcy Rule 9014(c), that right is limited by Federal Rule of Civil Procedure 26(b)(1), the issues actually presented by Claim No. 2-A and the Debtor's Objection thereto, and this Court's express direction that future discovery be appropriately

tailored. The existence of a Chapter 13 case does not convert this claim-objection contested matter into unrestricted discovery concerning every statement in the Debtor's schedules, plan, financial history, or personal affairs.

32. This Court has already determined that discovery in this dispute must be appropriately tailored. (Dkt. No. 101 at 8.) The relevant claims and defenses are those created by the Claim Objection: enforceability and amount under § 502(b); the contractual rate and interest calculation; payments and credits; standing and assignment; the identity and perfection of the collateral; secured status and collateral value under § 506(a); and authorization and reasonableness of fees, costs, and charges under § 506(b).

33. The objection does not put Debtor's entire financial condition at issue. Paragraph 6 disclaims affirmative causes of action and limits the relief requested to allowance and status of the Claim. FP-Jeff Park cannot use a bilateral discovery schedule in the claim-objection contested matter as a substitute for a Rule 2004 examination or as open-ended confirmation discovery.

34. Accordingly, the Court should permit discovery only concerning:

a. the HELOC, mortgage, operative change-of-terms agreements, maturity, principal, advances, payments, credits, and account history relevant to Claim 2-A;

b. the Prime-plus-one-percent formula, any contractual and factual basis for the asserted 12.75% rate, the alleged $45.00 daily interest, any election or notice of a default-rate increase, and the petition-date calculation;

c. the allonge, assignments, delivery, possession, chain of title, legal description, tax PIN, perfection, and FP-Jeff Park's right to enforce the note and mortgage;

d. attorneys' fees, costs, and other charges included in the Claim, including contractual authorization, actual incurrence or payment, allocation to enforcement rather than acquisition or internal structuring, necessity, duplication, reasonableness, and any state-court fee adjudication; and

e. the value of the Condo and senior liens only to the extent necessary to decide secured status and entitlement under §§ 506(a) and 506(b), and taxes, insurance, rents, or assessments only if included as a claim component, credit, advance, or pleaded basis affecting the Claim.

35. The Court should prohibit discovery directed solely to plan confirmation, feasibility, schedules, disposable income, estate administration, unrelated property and creditors, Trustee administration, or Debtor's financial affairs generally. Specifically, the protective order should bar the out-of-scope categories identified in paragraph 17 above and any substantially similar request.

36. The sheer volume and structure of the interrogatories provide an additional reason for protection. Rule 33(a)(1) limits a party to 25 interrogatories, including all discrete subparts, absent stipulation or court order. FP-Jeff Park used exactly 25 numbered interrogatories, but many contain numerous independent inquiries concerning different properties, tax years, accounts, transactions, witnesses, legal theories, and plan provisions. To the extent those subparts are logically or factually independent, they count separately and exceed Rule 33(a)(1).

37. Rule 36 contains no fixed numerical limit on requests for admission. That does not remove the limitations imposed by Rules 26(b)(1) and 26(c). The 89 requests for admission remain subject to relevance, proportionality, burden, and *this Court's express direction that discovery be appropriately tailored.* Numerous requests address plan treatment, schedules, confirmation provisions, matters beyond the Claim Objection, compound propositions, or abandonment of the very disputes being litigated.

38. The requests for production likewise repeatedly demand "all" records over multi-year periods, complete financial and Trustee files, private third-party and domestic-relations information, and documents already possessed by FP-Jeff Park or equally available from public dockets. The

burden and privacy intrusion substantially outweigh any benefit in this confined claim-objection dispute.

## III. THE DISCOVERY DEADLINES ARE TOLLED UNDER THE COURT'S SEPTEMBER 11 ORDER

39. The Court's September 11, 2026 Order provides that "[d]iscovery deadlines shall be tolled once Debtor files his motion, subject to further order of the Court." [Dkt. No. 111.] Accordingly, filing this Motion tolls the September 17 response deadline and the other discovery deadlines established by Docket No. 109.

40. Because the response deadline is tolled by Court order, no request for admission should be deemed admitted based upon the passage of time during the tolled period. Rule 36(a)(3) permits the Court to order a different response period, and Docket No. 111 does so by tolling the applicable discovery deadlines upon filing.

41. Following disposition of this Motion, Debtor requests fourteen days to serve any responses and objections required by the Court's ruling, or such other period as the Court determines. Debtor further requests that the deposition deadline be adjusted as necessary to permit any allowed written discovery to be completed before depositions.

**RELIEF REQUESTED**

WHEREFORE, Debtor Cezary J. Skiba respectfully requests that the Court enter an order:

A. finding that FP-Jeff Park did not properly serve its written discovery by the August 6, 2026 deadline because ordinary email service was not authorized by written consent under Rule 5(b)(2)(E);

B. striking FP-Jeff Park's First Set of Interrogatories, First Requests for Production, and First Requests for Admission, or providing that Debtor need not answer them;

C. alternatively, entering a protective order limiting discovery to the Claim 2-A issues identified in paragraph **34** and barring the out-of-scope subjects identified in paragraphs **17 and 35**;

D. sustaining Debtor's objection under Rule 33(a)(1) to interrogatories exceeding 25 when discrete subparts are counted;

E. recognizing that, pursuant to the September 11, 2026 Order [Dkt. No. 111], all discovery deadlines are tolled upon filing of this Motion; confirming that no request for admission became or shall become admitted during the tolled period; and establishing a deadline of fourteen days after disposition of this Motion for any responses and objections required by the Court's ruling, together with an appropriate corresponding adjustment of the deposition deadline;

F. preserving Debtor's service, relevance, proportionality, privilege, privacy, burden, and particularized request-by-request objections; and

G. granting such other and further relief as the Court deems just.

Dated: September 14, 2026

**Respectfully submitted,**

**CEZARY J. SKIBA, Debtor**

By: /s/ J. Kevin Benjamin
One of Debtor's Attorneys

J. Kevin Benjamin (ARDC No. 6202321)
**BENJAMIN LEGAL SERVICES**
1021 W. Adams Street, Floor 2
Chicago, Illinois 60607-2936
Telephone: (312) 853-3100
attorneys@benjaminlaw.com